```
                                          ┌─────────────────────────────────┐
                                          │ USDC SDNY                        │
                                          │ DOCUMENT                         │
                                          │ ELECTRONICALLY FILED             │
                                          │ DOC #: _____          │
                                          │ DATE FILED: October 22, 2015     │
                                          └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                      :

KEVIN SMITH,
                            Plaintiff,        :

                                        :              14-cv-10052 (KBF)

             -v-                       :

                                        :           OPINION & ORDER

DETECTIVE ORONGOES, BADGE #4078;
DETECTIVE MICHAEL SCOLOVENO,
BADGE #5901; LIEUTENANT JOSEPH
BARONE, BADGE #1166; OTHER UNKNOWN
OFFICERS; EDWIN DIAZ; LAURA LEMLE;
and ERIC MCPHEE,
                               Defendants.    :
---------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      The Court has now before it a motion to dismiss the claims against

defendants Lemle and McPhee.  (10052[1] ECF No. 45.)  For the reasons stated below,

the motion is GRANTED.

I.      INTRODUCTION AND FACTUAL BACKGROUND

      A.     Allegations In The Complaint

      Plaintiff initiated this action by filing a December 16, 2014 complaint, which

he later amended on June 24, 2015.  (10052 ECF Nos. 1, 34.)  The amended

complaint alleges that on January 15, 2013, defendants Orongoes, Scoloveno,

Barone, and other as-yet-anonymous officers of the New York Police Department

assaulted, planted evidence on, and arrested plaintiff outside of his apartment on

---

[1] As discussed below, evaluating this motion requires consideration of the docket in the instant matter, 14-cv-10052, and the dockets of an earlier matter before the district court, 14-cv-1318, and the Second Circuit, 14-1930.  Docket entries in the instant matter are designated "10052" while docket entries in the earlier matters are designated "1318" and "1930."

Manhattan's Upper East Side, and then coerced plaintiff into refusing medical attention during his detention.  (10052 ECF No. 34 at App.[2] 5-9.)

The amended complaint also alleges that Lemle, plaintiff's former landlord, has engaged in a years-long pattern of harassment, false police reports, and bad faith legal actions to evict plaintiff's family from a rent-controlled apartment.  (Id. at App. 9-11.)  Plaintiff further alleges that the January 15, 2013 arrest was a part of this pattern; specifically, that the arresting officers were acting on the request of defendant Diaz, at the time the superintendent of the building.  (Id. at App. 3.)  In support of this allegation, the amended complaint recounts (1) an alleged statement by a state prosecutor at plaintiff's arraignment that Diaz was a confidential informant and the source of the suspicion to arrest (Id. at App. 9); (2) an allegation that the arresting officers were members of the "Brooklyn North Gang Unit" and thus unlikely to operate on the Upper East Side under normal circumstances (Id. at App. 6); and (3) an allegation that the officers yelled plaintiff's first name before his arrest and asked him "where's the gun" before planting a gun on plaintiff during the arrest. (Id. at App. 5-6.)

The amended complaint seeks damages "pursuant to 42 U.S.C. §§ 1983, 1985(3)," for violations of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.  (Id. at App. 1, 12.)

---

[2] Plaintiff's amended complaint consists of a seven-page form complaint, a thirteen-page appendix, and a two-page letter.  References to the appendix are designated "App."

B.    Prior Litigation

On February 27, 2014, plaintiff filed a complaint against defendants Lemle and McPhee.  (1318 ECF No. 2.)  This complaint alleged that the named defendants had harassed plaintiff, instituted false proceedings against him, caused him emotional distress, and caused a "false arrest," during the course of which detectives "bang[ed] on his door, scaring his neighbors" and which resulted in plaintiff being "put through 'Bull Pens' (Holding cells) with truly violent prisoners." (Id. at 3-4.)  The complaint alleged that the harassment was an attempt to push out rent-controlled tenants, and that ultimately the defendants had succeeded in arranging for plaintiff to be evicted.  (Id. at 4-5.)  Plaintiff sought damages under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  (Id. at 1-2.)

On May 6, 2014, Chief Judge Preska dismissed this complaint sua sponte pursuant to the screening requirement of 28 U.S.C. § 1915A(a).  (1318 ECF No. 4 at 1.)  The Court concluded that because plaintiff did not allege that defendants or their companies were government entities, acted on behalf of the state, were directed by state actors, or were working jointly with state actors, he had failed to state a claim under § 1983, which only pertains to violations by persons acting under the color of state law.  (Id. at 3.)  The Court therefore dismissed plaintiff's complaint.  (Id. at 4.)

Plaintiff appealed.  (1318 ECF No. 6.)  While his appeal was pending, he submitted a letter to the Second Circuit.  The letter was styled as a complaint against Lemle, McPhee, and a number of officers with the New York City Police

Department.  (1930 ECF No. 53 at Compl. 1.)  Along with the allegations against
Lemle that had been the basis of the dismissed complaint then on appeal, the letter
also alleged that on January 15, 2013 "the Brooklyn Gang Unit" had assaulted him,
planted evidence on him, and improperly arrested him.  (1930 ECF No. 53 at 2-5.)

On December 1, 2014, the Second Circuit dismissed the appeal, concluding
that "it lacks an arguable basis in law or fact" because the district court had
correctly concluded that "defendants are not state actors."  (1318 ECF No. 8 at 1.)
The Second Circuit declined to remand for leave to amend.  Apparently referring to
plaintiff's letter, the Second Circuit wrote:

> Appellant does not provide support for his new allegations that the
> police conspired with the original defendants, or any facts to show how
> an alleged arrest by the Brooklyn Gang Unit is related to his original
> complaint.…  To the extent Appellant's allegations are of excessive
> force or false arrest against the police, nothing in this order bars Smith
> from raising the claims in a new action.  (Id. at 1-2.)

Fifteen days after the Second Circuit's mandate, plaintiff filed the instant
complaint.

## II.   PRINCIPLES OF LAW

"[W]hen a plaintiff proceeds pro se, a court is obliged to construe his
pleadings liberally."  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d
Cir. 2008) (alteration and omission omitted) (quoting McEachin v. McGuinnis, 357
F.3d 197, 300 (2d Cir. 2004)).  "[A] pro se complaint, however inartfully pleaded,
must be held to less stringent standards than formal pleadings drafted by lawyers."
Id. (quoting Erickson v. Pardus, 551 U.S. 89, 127 (2007)).  "This is particularly so
when the pro se plaintiff alleges that [his] civil rights have been violated."  Id.

Claim preclusion, also known as res judicata, "bars the relitigation ... of claims that were, <u>or could have been</u>, brought in an earlier litigation between the same parties or their privies."  <u>Bank of N.Y. v. First Millennium, Inc.</u>, 607 F.3d 905, 919 (2d Cir. 2010) (emphasis in original).  "To prove the affirmative defense [of <u>res judicata</u>] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  <u>TechnoMarine SA v. Giftports, Inc.</u>, 758 F.3d 493, 499 (2d Cir. 2014) (alterations in original) (quoting <u>Monahan v. N.Y.C. Dep't of Corr.</u>, 214 F.3d 275, 285 (2d Cir. 2000)).  "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'"  <u>Id.</u> (quoting <u>Woods v. Dunlop Tire Corp.</u>, 972 F.2d 36, 38 (2d Cir. 1992)).

"A court may consider a <u>res judicata</u> defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice."  <u>Id.</u> at 498.  "The burden is on the party seeking to invoke <u>res judicata</u> to prove that the doctrine bars the second action."  <u>Comput. Assocs. Int'l, Inc. v. Altai, Inc.</u>, 126 F.3d 365, 369 (2d Cir. 1997).

## III.   DISCUSSION

It is clear that plaintiff's previous lawsuit involved the defendants who have moved to dismiss the instant claims against them, and that that earlier action involved an adjudication on the merits.  Accepting all of the well-pleaded allegations in plaintiff's amended complaint as true, it is also clear that the instant claims against defendants Lemle and McPhee either were or could have been brought in plaintiff's previous lawsuit.  The claims against these defendants are therefore barred by the doctrine of claim preclusion.[3]

Both of plaintiff's complaints against Lemle and McPhee allege that they used a variety of methods to "harass the Plaintiff for years to force him out of his Rent Controlled Apartment."  (10052 ECF No. 34 at App. 4; see also 1318 ECF No. 2 at 4 ("Laura Lemle constantly Harasses Rent control Tenants."))  Both contain allegations of verbal threats and bad-faith civil actions.  (See 10052 ECF No. 34 at App. 4, 10-11; 1318 ECF No. 2 at 3, 5.)  Both of the complaints, which were filed within ten months of one another, allege that defendants' behavior has unfolded over several years and thus overlap.

There are two major differences between the complaints.  First, the instant complaint is brought under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), while the previous complaint only asserted a claim under 42 U.S.C. § 1983.  (10052 ECF No.

---

[3] Although Lemle and McPhee's motion to dismiss emphasized the argument that plaintiff's complaint fails to state a cause of action, it did note that Chief Judge Preska had previously "dismisses a prior complaint based upon the same allegations against Lemle and McPhee."  (10052 ECF No. 47 at 3 n.1.)  Defendants' answer to plaintiff's original complaint in the instant matter similarly highlighted the earlier dismissal.  (10052 ECF No. 25 at ¶ 6.)  Even if defendants had not included this assertion in their papers, "[t]he failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground."  Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993).  Indeed, a court may sua sponte raise the issue of res judicata even where, as here, the plaintiff is pro se.  See Rollock v. LaBarbera, 383 F. App'x 29, 30 (2d Cir. 2010).

34 at App. 1; 1318 ECF No. 3 at 1.)  However, the claim preclusion inquiry asks whether "the second suit involves the same claim—or nucleus of operative fact—as the first suit." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) (internal quotation marks omitted) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997)).  Whether a claim is precluded by a previous adjudication does not turn on whether the legal theories differ, but instead on whether the same facts are the asserted basis for recovery in both actions.  See L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence."); Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2d Cir. 1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to frame [his] complaint.")  Thus, the fact that plaintiff includes a claim under § 1985(3) in this matter does not mean that that claim is not precluded by the earlier dismissal.

The second major difference between the two complaints is that only the instant complaint contains detailed factual allegations about plaintiff's January 15, 2013 arrest.  That arrest, however, occurred more than one year before plaintiff filed the first of the two complaints at issue here.  The law of claim preclusion provides that "the facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that 'the facts essential to the second were [already] present in the first.'" Waldman, 207 F.3d at 110-11 (emphasis and alteration in original) (quoting Comput. Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997)).  What is important is whether "the

conduct complained of in the [second] action occurred prior to the initiation of the [first] action." Comput. Assocs. Int'l, 126 F.3d at 369.  In this case the arrest occurred prior to plaintiff's first complaint, and thus "could have been[] brought in [the] earlier litigation between the same parties," that is, between plaintiff and defendants Lemle and McPhee, because it pertains to the same series of occurrences, namely defendants' alleged campaign of harassment of plaintiff.  Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010) (emphasis removed).

In sum, plaintiff has already litigated his claims that defendants Lemle and McPhee have violated his constitutional rights.  Those claims are therefore precluded, and the motion to dismiss is GRANTED as to defendants Lemle and McPhee.  The Clerk of Court is directed to close the motion at Docket No. 45.


SO ORDERED.

Dated:       New York, New York
             October 22, 2015


_____
        KATHERINE B. FORREST
        United States District Judge

cc:
Kevin Smith
4411502614
Robert N. Davoren Complex
11-11 Hazen Street
East Elmhurst, NY  11370